# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAMON STEPHEN JONES, #37922-037 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. AW-11-1107 |
| STATE OF MARYLAND | * | |
| Respondent | * | |

***

## MEMORANDUM

Respondent, through counsel, moves to dismiss Ramon Stephen Jones's (Jones) petition for writ of habeas corpus, asserting that Jones is not "in custody" for the purpose of 28 U.S.C. § 2254. Jones has filed a reply in opposition. After due consideration, the court determines a hearing is not needed to resolve this matter, *See* Rule 8, "Rules Governing Section 2254 Proceedings in the United States District Courts." The motion shall be DISMISSED for lack of jurisdiction.

### I. BACKGROUND

#### A. Facts

Jones is challenging his 1997 conviction pursuant to guilty plea in the Circuit Court for Prince George's County for possession of cocaine with intent to distribute in case CT970848B. Jones entered his guilty plea on October 16, 1997. On December 9, 1997, the Circuit Court sentenced him to a term of three years incarceration all but one year suspended and two years probation. Petition, Attachment, p. 1(Opinion and Order). On April 24, 1998, the sentence was reconsidered and the unserved portion of the sentence was suspended. *See id*.

On September 29, 2005, Jones was sentenced to 300 months imprisonment after a jury sitting in the United States District Court for the District of Maryland found him guilty of conspiracy to distribute controlled substances, money laundering, possession of firearms in furtherance of a drug trafficking crime, and related offenses. *See United States v. Jones*, Criminal Action No. AW-03-321 (D. Md.). The judgment was affirmed on appeal. *See United States v. Jones*, 2007 WL 2046735 (4th Cir. 2007). Jones's subsequent Motion to Vacate, Set Aside or Correct pursuant to 28 U.S.C. § 2255 was denied in *Jones v. United States*, Civil Action No. AW-2210(D. Md), and the Fourth Circuit denied a certificate of appealability and dismissed his appeal. *See United States v. Jones*, 334 Fed. Appx. 551 (4th Cir. 2009).

On January 14, 2008, Jones challenged his state court conviction by petition for a writ of coram nobis in the Circuit Court for Prince George's County.1  Petition, p. 4, ¶ 11. The state court denied coram nobis relief, noting Jones's failure to allege a collateral consequence. Petition, p 4 and Attachment, p. 1. Papers Nos. 1, 1—1 and 1-3. 2  Jones filed the instant petition for federal habeas corpus relief on April 4, 2011, long after his state sentence had expired. ECF No. 1.

---

[1] As respondent notes, , a petition seeking a writ of error coram nobis is the appropriate pleading under Maryland law for a person not in custody on a former judgment to challenge the legality of the former judgment. *See* Md. Rules 15-1201-1207; Skok v. State, 361 Md. 52 (2001).

[2] A one year limitations period applies to petitions filed under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). Under Md. Rule 8-204 an application for leave to appeal entry of a guilty plea must be filed within thirty days of the date of the judgment from which appeal is sought. Under the facts of this case, Jones's judgment of conviction thus became final on January 8, 1998, when his time to file an appeal expired. According to the Maryland Judiciary Case Search website, Jones did not file any applications for state post-conviction or other collateral review during this period to statutorily toll the running of the limitations period. *See* http://casesearch.courts.state.md.us. When Jones filed a petition for writ of coram nobis in the state court, his sentence had long expired. Under this reasoning, the petition appears untimely.

### B. Petitioner's Claim

Jones, who is an inmate at the Federal Correctional Institution in Edgefield, South Carolina claims that the federal sentence he is currently serving was enhanced by the "unconstitutional conviction that was had in the Circuit Court for Prince George's County…" Petition, Attachment p. 1. Jones acknowledges that he no longer remains in custody of his Maryland state conviction, but "because the federal sentence that [he] is currently serving was enhanced greatly," he should be considered in custody for 28 U.S.C. § 2254 purposes. Petitioner's Reply, pp 4-5.

### II. DISCUSSION

The federal habeas statute requires that a petitioner seeking relief from a state court conviction be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The custody requirement is jurisdictional. *See Maleng v. Cook*, 490 U.S. 488,490 (1989).

In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001), the Supreme Court considered whether a current sentence enhanced by an allegedly invalid prior conviction may be challenged under § 2254. The Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. at 403-04 (internal citation omitted).[3] This Court finds that it lacks jurisdiction to issue a writ in this case because Jones has completed his sentence for the state conviction in question, and he has unsuccessfully pursued his state remedies.

## CONCLUSION

For these reasons, the court will dismiss the petition for lack of jurisdiction. A Certificate of Appealability shall not issue because Jones has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A separate order follows.


Date: June 30, 2011                                     /s/
                                                Alexander Williams, Jr.
                                                United States District Judge

---

[3] The Court noted an exception to this general rule where there was a failure to appoint counsel on the expired conviction, in violation of the Sixth Amendment. Jones was represented by Jerome Briscoe, III, Esquire in his Maryland state criminal proceeding, see Petition, p. 13, ¶ 16, and the exception does not apply here.